***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before former Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Dollar with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Insurance Corp. of New York was the carrier on the risk.
3. On or about August 23, 2002, the employment relationship existed between the parties.
4. Plaintiff alleges she sustained an injury on August 23, 2002 in her I.C. Forms 18 and 33.
5. Based upon the I.C. Form 22, plaintiff's average weekly wage was $270.20, which yields a weekly compensation rate of $180.14.
6. The issue for determination is whether plaintiff sustained a compensable back injury on August 23, 2002, and if so, to what benefits may she be entitled under the Act?
7. The parties submitted three pages of medical records into evidence. They also submitted I.C. Forms 18, 19, 61, 33, 33R and 63 into the record.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a fifty-eight year old female, who completed one year of college. Plaintiff started working for defendant-employer on April 4, 2002 as a floral clerk, where her duties included ringing up customers and making deliveries.
2. Plaintiff had a pre-existing back and neck injury after she was involved in a motor vehicle accident with a wrecker in 1998. She regularly complained of aches and pain secondary to this non-work-related accident.
3. A week prior to August 23, 2002, plaintiff gave notice to the employer of termination to her employment due to inadequate hours.
4. Plaintiff did not work on August 21, 2002 or August 22, 2002. She worked from 8:17 a.m. to 8:40 a.m. on August 23, 2002, as reflected on her time card.
5. On July 18, 2003, plaintiff contacted defendant-employer to report she injured herself carrying a pot in August 2002. Darla Smothers prepared an I.C. Form 19 and reported the alleged injury to the carrier. At the time, plaintiff did not report a specific day of injury.
6. Defendants prepared an I.C. Form 19 on July 29, 2003, with a letter explaining the manner in which plaintiff reported the alleged injury. The I.C. Form 19 was filed with the Commission on August 19, 2003.
7. The carrier filed an I.C. Form 63 on August 19, 2003, which reflected August 23, 2002 as plaintiff's date of injury.
8. On or about September 9, 2003, Sharon Pasquale filed an I.C. Form 61, denying compensability for the injury.
9. On September 16, 2003, plaintiff filed an I.C. Form 33 Request for Hearing on which she noted August 23, 2002 as the date of injury. She filed an I.C. Form 18 Notice of Accident on September 22, 2003 on which she wrote she sustained an injury on August 23, 2002 at 10:30 a.m., due to carrying a funeral basket upstairs. She wrote she returned to work three days later.
10. At the hearing, plaintiff testified she injured herself on August 22, 2002 at 10:30 a.m., when Lisa Blackwelder sent her to the basement cooler to get a funeral arrangement. She contended that as she was carrying it up the steps, she felt a pull in her back below the shoulder blades.
11. Plaintiff further testified she told Lisa she hurt her back and had to leave.
12. Plaintiff sought medical treatment on August 23, 2002 from Dr. J. Suzette Perry, at which time she reported she pulled a muscle in her back under the right shoulder blade while working yesterday carrying a funeral flower. On examination, Dr. Perry found plaintiff's right shoulder blade was non-tender to palpation and the thoracic musculature was tight. Dr. Perry gave plaintiff Lortab and Flexoril, as well as recommending heat and massage. No out-of-work note was issued.
13. There is no evidence plaintiff returned to Dr. Perry for additional treatment after August 23, 2002.
14. At the hearing, plaintiff contended she worked on Wednesday and Thursday, August 21 and 22, 2002. She stated she frequently did not punch in and Ms. Blackwelder would sign her time card. However, this testimony is rejected as not credible. Even if the practice was as plaintiff testified, Ms. Blackwelder did not sign the time card. Therefore, there is no competent evidence in the record that plaintiff worked on August 22, 2002.
15. Plaintiff's testimony regarding the alleged injury is specifically rejected. The competent evidence in the record supports a finding plaintiff never reported an alleged injury to her employer on August 22, 2002. Rather, as Ms. Blackwelder and plaintiff's witness Emily Lee testified, the undersigned finds defendant's business was small; and if plaintiff had reported an injury or being in excruciating pain, Ms. Blackwelder would have stopped everything and seen to plaintiff getting medical treatment.
16. Plaintiff did not give timely notice of any alleged injury and did not have a reasonable excuse for her failure to give timely notice.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order to qualify for compensation under the Workers' Compensation Act, a claimant must prove both the existence and extent of disability.Hilliard v. Apex Cabinet Company, 305 N.C. 593, 290 S.E.2d 682 (1982). Plaintiff has failed to prove by competent evidence that she sustained a compensable injury on or about August 23, 2002.
2. Even if plaintiff's testimony was accepted as credible, plaintiff's claim for compensation for the alleged injury on or about August 23, 2002 is barred by her failure to give notice to defendant-employer of the injury within thirty days of its occurrence. Plaintiff did not offer a reasonable excuse for her failure to timely give notice of the alleged injury. Defendants were prejudiced by plaintiff's waiting eleven months to report the alleged injury, as they did not have an opportunity to investigate the matter or to direct medical treatment. N.C. Gen. Stat. §97-22.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
This the 18th day of February, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER